IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JARED LISCHNER, FR-2006, )
    Petitioner, )
     )
    v. ) 2:15-cv-1299
     )
KIMBERLY A. BARKLEY, et al., )
    Respondents. )

MEMORANDUM and ORDER

Mitchell, M.J.:

    Jared Lischner an inmate at the State Correctional Institution at Greene has presented a petition for a writ of habeas corpus (ECF No.1). For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

    Lischner is presently serving a ten to twenty year sentence imposed following his conviction upon a plea of guilty to charges of third degree murder, kidnapping, robbery simple assault and criminal conspiracy at CP-02-CR-5480, 5870 and 5957-2002 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on March 8, 2012.[1] However, it is not his conviction which petitioner challenges but rather his denial of parole by the Pennsylvania Board of Probation and Parole ("the Board") on grounds of arbitrariness and in retaliation for petitioner having won the appeal of his original conviction.[2] These claims have not been presented to the Commonwealth courts but in <u>Defoy v. McCullough</u>, 393 F.3d 439, 445 (3d Cir.2005), cert. denied 545 U.S. 1149 (2005) it was held that "we conclude that claims of constitutional violations in the denial of parole in Pennsylvania need not be presented to the state courts via a petition for writ of mandamus in order to satisfy the requirement of exhaustion" (footnote omitted).

---

[1] See: Petition at ¶¶ 1-6. However, in its answer the Commonwealth demonstrates in Exhibit 1 that petitioner was originally convicted of second degree murder and sentenced to life in prison in 2004, but that after the conviction was reversed, Lischner entered a third degree murder and kidnapping plea and the instant sentence was imposed.

[2] See: Petition at ¶ 12 and his Memorandum of Law at pp.1-2. Specifically, petitioner argues that after his conviction was reversed on appeal, he agreed to enter a guilty plea and in exchange be sentenced to ten to twenty years with immediate eligibility for parole as determined by the Board, and the Commonwealth agreed to not appeal the reversal of his original conviction.

1

In response, the Board has submitted the declaration of Marci Johnson a parole manager as well as documents in support of her declaration demonstrating a minimum parole date of April 1, 2012 and a maximum release date of April 1, 2022:

1. On July 23, 2012 petitioner was denied parole based on his institutional misconducts; the negative recommendation of the Department of Corrections; his failure to demonstrate motivation for success; his minimization of his criminal conduct; his lack of remorse and the recommendation of the prosecuting attorney (Exhibit 2).
2. On August 16, 2013 parole was again denied based on Lischner's minimization of the offense; his lack of remorse; the nature of his offense and the negative recommendation of the prosecuting attorney (Exhibit 3).
3. On July 31, 2014, parole was again denied based on petitioners risk to the community; his minimization of the criminal conduct and the recommendation of the prosecuting attorney (Exhibit 4).
4. On August 24, 2015, release was again denied based on petitioner's risk to the community; his minimization of his criminal conduct; his refusal to accept responsibility for the offenses; his lack of remorse and the negative recommendation of the prosecuting attorney (Exhibit 5).

The relevant Pennsylvania statute, 61 Pa.C.S.A.§ 6137 does not create a mandatory expectation of parole which has been determined to be a matter of grace. Rogers v. Pennsylvania Board of Probation and Parole, 555 Pa. 285 (1999). In the absence of a state mandated right of parole, parole is a matter of mere possibility and does not invoke a federally protected liberty interest. Kentucky Department of Corrections v. Thompson, 490 U.S. 455 (1989). In Connecticut v. Dumschat, 452 U.S. 458 (1981), the Court recognized that where there is no liberty interest created, there is no constitutional basis for relief. Since federal habeas corpus relief is premised on violations of constitutional proportion, no such factors exist here since the reasons for denying parole were based on the plaintiff's conduct both inside and outside the institution and not on some arbitrary basis such "race, religion, political beliefs, or ... frivolous criteria with no rational relationship to the purpose of parole such as the color of one's eyes, the school one attended, or the style of one's clothing." Block v. Potter, 631 F.2d 233, 235 (3d Cir.1980).

In Coady v. Vaughn, 251 F.3d 480,487 (3d Cir.2001), the Court observed that "federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision."

Thus, the record clearly demonstrates that Lischner's continued incarceration is not the result of a violation of any federally protected rights. Rather, the continuation of his incarceration is fully supported by the record here and not based on any arbitrary or capricious factors. For this reason there is no demonstration that any action of the Board was contrary to federal law as determined by the Supreme Court nor involved an unreasonable application of that law and for these reasons he is not entitled to relief.

Accordingly, the petition of Jared Lischner for a writ of habeas corpus will be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

s/ Robert C. Mitchell
Filed: January 12, 2016        United States Magistrate Judge